IH-32												Rev: 2014-1

# United States District Court
for the
## Southern District of New York
### Related Case Statement

**Full Caption of Later Filed Case:**

BRAINTREE LABORATORIES, INC.

| Plaintiff | Case Number |
|---|---|
| vs. | |
| TARO PHARMACEUTICALS USA, INC.; TARO PHARMACEUTICAL INDUSTRIES, LTD. | |
| Defendant | |

**Full Caption of Earlier Filed Case:**

(including in bankruptcy appeals the relevant adversary proceeding)

BRAINTREE LABORATORIES, INC.

| Plaintiff | Case Number |
|---|---|
| vs. | 12-cv-6851-AJN |
| BRECKENRIDGE PHARMACEUTICAL, INC. | |
| Defendant | |

IH-32                                                                                                        Rev: 2014-1

Status of Earlier Filed Case:

☐ Closed   (If so, set forth the procedure which resulted in closure, e.g., voluntary dismissal, settlement, court decision. Also, state whether there is an appeal pending.)

☑ Open   (If so, set forth procedural status and summarize any court rulings.)

The case is on administrative hold pending resolution of Braintree Laboratories, Inc. v. Novel Laboratories, Inc., 3:11-cv-01341-PGS-LHG (D.N.J.) (the "Novel case"). The Complaint was filed on September 11, 2012. Judge Nathan entered a scheduling order on January 18, 2013. Dkt. No. 21. On January 17, 2014, Judge Nathan, on consent of the parties and in the interests of efficiency, placed the case on administrative hold, pending the Federal Circuit's decision on the appeal of the Novel case. Dkt. No. 65. At the parties' joint request, Judge Nathan extended the administrative hold on April 30, 2014, Dkt. No. 69, and again on August 13, 2014, Dkt. No. 71. Judge Nathan has ordered the parties to report in six months on the status of the Novel case, which has now been remanded to the District of New Jersey.

Explain in detail the reasons for your position that the newly filed case is related to the earlier filed case.

This patent litigation is also filed under the Hatch-Waxman Act. It involves the same plaintiff, the same patent, the same asserted patent claims, and substantially the same accused product, and likely will involve similar issues as the earlier-filed case in this Court. These cases therefore concern substantially similar parties, property, and transactions, with substantial factual overlap and potential for duplication of efforts by the parties and the Court.

Defendants filed an Abbreviated New Drug Application ("ANDA") to obtain FDA approval to develop, manufacture, market, and sell a generic copy of plaintiff Braintree Laboratories, Inc.'s ("Braintree") SUPREP® drug product. Braintree is filing this patent infringement suit to prevent further infringement of its patent and enjoin defendants from proceeding with their generic copy. In the earlier-filed case in this Court, the defendant similarly filed an ANDA to obtain FDA approval for a generic copy of Braintree's SUPREP® drug product. Braintree filed suit to prevent such approval, and, inter alia, any manufacturing or sale of that generic product.

Because the accused products are substantially the same and the patent at issue is the same, if this case is not designated as related to No. 12-cv-6851-AJN, Braintree and/or the respective defendants could be subjected to conflicting orders regarding the patent, such as whether it is infringed. A determination of relatedness would serve judicial efficiency by preventing an undue burden on the Court and substantial duplication of its efforts. A determination of relatedness would also avoid substantial duplication of efforts and expense for the parties.

Signature: _____   Date: 10/9/2014

Firm: Wilmer Cutler Pickering Hale and Dorr LLP