# WILMERHALE

June 16, 2015

John J. Regan

+1 617 526 6120 (t)
+1 617 526 5000 (f)
john.regan@wilmerhale.com

Honorable Alison J. Nathan
United States District Judge
Thurgood Marshall United States Courthouse
40 Foley Square, Room 906
New York, New York 10007

> Re: *Braintree Laboratories, Inc. v. Taro Pharmaceuticals USA, Inc.* et al., Civil Action No. 14-cv-8147-AJN  [rel. 12-cv-6851-AJN]

Dear Judge Nathan:

This firm represents Plaintiff Braintree Laboratories, Inc. ("Braintree") in the above-referenced matter. Pursuant to the Court's March 2, 2015 Order (Dkt. No. 20), Braintree writes on behalf of Braintree and Defendants Taro Pharmaceuticals USA, Inc. and Taro Pharmaceutical Industries, Ltd. (collectively, "Taro") to update the Court on the status of *Braintree Laboratories, Inc. v. Novel Laboratories, Inc.*, Civil Action No. 3:11-cv-01341 ("the Novel case"). Braintree and Taro request that the Court continue the administrative stay in this case as described below.

## Current Status of the Novel Case

On June 2, 2015, District Judge Peter G. Sheridan of the United States District Court for the District of New Jersey issued his findings of fact and conclusions of law dated June 1, 2015, following a remand trial that took place from February 9 through 11, 2015. Judge Sheridan's opinion and final order of judgment are attached to this letter as Exhibits A and B.

Judge Sheridan found that Novel Laboratories, Inc.'s ("Novel") proposed generic copy of Braintree's colonoscopy preparation SUPREP would, if marketed and sold, infringe claims 15 and 18, and would induce infringement of claims 19, 20, and 23, of U.S. Patent Number 6,946,149 (the "'149 Patent"). Novel filed a notice of appeal on June 2.

Judge Sheridan's final order of judgment omitted mention of the injunction that he had ordered after the original trial. On June 4, Braintree moved under Federal Rule 59(e) for an amended judgment to reinstate the original injunction—enjoining the FDA from final approval of Novel's proposed copy of SUPREP and enjoining Novel and its successors from, *inter alia*, making, using, or selling its proposed product.

Novel's appeal was docketed by the Federal Circuit on June 4, 2015.

## The Administrative Hold

On January 20, 2015, following submission by the parties of a joint motion to stay (Dkt. No. 15), this Court entered an administrative stay in this case, finding that the determination of infringement in the Novel case "may be relevant to the efficient resolution of the issues in the present case, because the same patent and the same or substantially the same drugs are involved

Honorable Alison Nathan
Page 2

WILMERHALE

in this action." (Dkt. No. 16.)  On March 2, 2015, following a February 13, 2015 status update from the parties (Dkt. No. 19), this Court ordered that the stay should continue (Dkt. No. 20).

The parties believe that the reasons for the stay, as stated in the parties' joint motion and the Court's January 20 Order, remain relevant during the pendency of Novel's appeal, and that, in the interests of conserving judicial resources and those of the parties, the administrative stay in this case should continue.  The parties request that the Court continue the administrative stay in this case until the United States Court of Appeals for the Federal Circuit resolves Novel's appeal.

The parties also respectfully propose that this Court order the parties to submit a joint status letter to this Court within six months, or upon further developments in the Novel case.

Respectfully submitted,

/s/John J. Regan

John J. Regan

Cc: All counsel of record (via email)