WILMERHALE

December 18, 2015

John J. Regan

+1 617 526 6120 (t)
+1 617 526 5000 (f)
john.regan@wilmerhale.com

Honorable Alison J. Nathan
United States District Judge
Thurgood Marshall United States Courthouse
40 Foley Square, Room 906
New York, New York 10007

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: DEC 1 8 2015

Re: *Braintree Laboratories, Inc. v. Taro Pharmaceuticals USA, Inc.* et al., Civil Action No. 14-cv-8147-AJN [rel. 12-cv-6851-AJN]

Dear Judge Nathan:

This firm represents Plaintiff Braintree Laboratories, Inc. ("Braintree") in the above-referenced matter. Pursuant to the Court's June 19, 2015 Order (Dkt. No. 23), Braintree writes on behalf of Braintree and Defendants Taro Pharmaceuticals USA, Inc. and Taro Pharmaceutical Industries, Ltd. (collectively, "Taro") to update the Court on the status of the appeal from *Braintree Laboratories, Inc. v. Novel Laboratories, Inc.*, Civil Action No. 3:11-cv-01341 ("the Novel appeal"). Braintree and Taro request that the Court continue the administrative stay in this case as described below.

**Current Status of the Novel Appeal**

On June 25, 2015, District Judge Peter G. Sheridan of the United States District Court for the District of New Jersey entered final judgment that Novel Laboratories, Inc.'s ("Novel") proposed generic copy of Braintree's colonoscopy preparation SUPREP would, if marketed and sold, infringe claims 15 and 18 of U.S. Patent Number 6,946,149 (the "'149 patent"), and that Novel would induce infringement of claims 19, 20, and 23. Judge Sheridan enjoined the FDA from approving Novel's generic product until expiration of the '149 patent. Novel filed a notice of appeal on June 29.

The Novel appeal is proceeding, and briefing is ongoing. Novel has filed its principal brief with the United States Court of Appeals for the Federal Circuit. Braintree has filed its opposition brief. *Braintree Laboratories, Inc. v. Novel Laboratories, Inc.*, No. 15-1700 (Fed. Cir.). Novel's reply brief is due by January 25, 2016, with oral argument likely scheduled several months thereafter.

**The Administrative Hold**

On January 20, 2015, following the parties' submission of a joint motion to stay (Dkt. No. 15), this Court entered an administrative stay in this case, finding that the determination of infringement in the Novel case "may be relevant to the efficient resolution of the issues in the present case, because the same patent and the same or substantially the same drugs are involved in this action." (Dkt. No. 16.) On June 19, 2015, following a June 16, 2015 status update from the parties (Dkt. No. 22), this Court ordered that the stay should continue (Dkt. No. 23).

Honorable Alison Nathan  
Page 2

WILMERHALE

The parties believe that the reasons for the stay, as stated in the parties' joint motion and the Court's January 20 Order, remain relevant during the pendency of Novel's appeal, and that, in the interests of conserving judicial resources and those of the parties, the administrative stay in this case should continue. The parties request that the Court continue the administrative stay in this case until the Federal Circuit resolves Novel's appeal, particularly since both the Novel remand trial and the pending appeal have moved forward expeditiously.

The parties respectfully propose that this Court order the parties to submit a joint status letter to this Court within six months, or upon further developments in the Novel appeal.

Respectfully submitted,

/s/John J. Regan

John J. Regan

Cc: All counsel of record (via email)

> The parties' joint request that the administrative hold ordered by this Court on March 2, 2015, Dkt. No. 20, remain in place is GRANTED. No later than Friday, June 10, 2016, or within two weeks of a final decision of the Federal Circuit in the Novel action, whichever occurs earlier, the parties shall file a joint status letter with the Court.

SO ORDERED. 12/18/15

HON. ALISON J. NATHAN  
UNITED STATES DISTRICT JUDGE